IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SARAH REID MASSIMO and**
**SARAH REID MASSIMO DESIGN, INC.**                                     **PLAINTIFFS**

**V.**                           **CASE NO. 5:24-CV-5091**

**ONYX BRANDS, INC., f/k/a Onyx Brands, LLC,**
**f/k/a Onyx Corporation; and**
**MARSHA MARTIN**                                                        **DEFENDANTS**

## ORDER REMANDING CASE SUA SPONTE

Plaintiffs initiated this case in the Circuit Court of Benton County, Arkansas, alleging breach of contract, fraud, and unjust enrichment. On April 19, 2024, Plaintiffs amended their complaint to add a federal claim for copyright infringement. Defendants then removed the case to this Court based on the presence of a federal question. *See* 28 U.S.C. § 1331. However, on May 30, 2024, Plaintiffs amended their complaint again, *see* Doc. 17, and dropped the copyright claim, leaving only their state law claims. The parties' Joint Rule 26(f) report filed on May 31, 2024, states that Defendants believe subject matter jurisdiction is still appropriate in this Court, while Plaintiffs believe the case must be remanded since there is no longer a federal question. The Court considers its subject matter jurisdiction *sua sponte*.

It is black-letter law that upon the filing of an amended complaint, "[t]he original complaint is without legal effect, meaning that the possibility of supplemental jurisdiction vanishe[s] right alongside the once-present federal questions." *Wullschieger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 924 (8th Cir. 2023) (cleaned up). Without a federal question, "[t]he only option now is state court." *Id.* The plaintiff is the master of his

1

complaint. Therefore, "the well-pleaded-complaint rule enables him, 'by eschewing claims based on federal law, . . . to have the cause heard in state court.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). Moreover, Defendants cannot defeat remand by filing a counterclaim that sounds in federal copyright law. *See id.* (noting that "a counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction" pursuant to § 1331).

**IT IS THEREFORE ORDERED** that the case is immediately **REMANDED** to the Circuit Court of Benton County, Arkansas.

**IT IS SO ORDERED** on this 18th day of June, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE